Barbara A. Rohr (SBN 273353)
Benjamin Heikali (SBN 307466)
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: brohr@faruqilaw.com
        bheikali@faruqilaw.com

*Attorneys for Plaintiffs Arash Hashemi,*
*Natasha Safaradi, and Patrick Gilburt*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARASH HASHEMI, NATASHA SAFARADI, and PATRICK GILBURT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DR PEPPER SNAPPLE GROUP, INC., and DR PEPPER/SEVEN UP, INC.,<br><br>Defendants. | Case No.: 2:17-cv-02042<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **Violation of California Civil Code §1750, *et seq.***<br>2. **Violation of California Business and Professions Code § 17200, *et seq.***<br>3. **Violation of California Business and Professions Code § 17500, *et seq.***<br>4. **Breach of California Express Warranty Law**<br>5. **Breach of California Implied Warranty Law**<br>6. **Violation of Colorado Revised Statutes § 6-1-105**<br>7. **Breach of Colorado Express Warranty**<br>8. **Breach of Colorado Implied Warranty**<br>9. **Common Law Fraud**<br>10. **Intentional Misrepresentation**<br>11. **Negligent Misrepresentation**<br>12. **Breach of Contract**<br>13. **Quasi-Contract/Unjust Enrichment/Restitution**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Arash Hashemi, Natasha Safaradi, and Patrick Gilburt ("Plaintiffs") by and through their counsel, bring this Class Action Complaint against Defendants Dr Pepper Snapple Group, Inc., and Dr Pepper/Seven Up, Inc. ("Defendants"), on behalf of themselves and all others similarly situated, and allege upon personal knowledge as to their own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## NATURE OF THE ACTION

1.    Plaintiffs bring this consumer protection and false advertising class action lawsuit against Defendants, based on Defendants' false and misleading business practices with respect to the marketing and sale of its Canada Dry Ginger Ale (the "Product").

2.    At all relevant times, Defendants has labeled, packaged, and marketed the Product as being "Made from Real Ginger," indicating that the Product contains ginger.

3.    However, independent testing by a laboratory determined that the Product does not contain a detectable amount of ginger.

4.    Therefore, unbeknownst to consumers, the Product was and continues to be falsely advertised because the Product does not contain a detectable amount of ginger, despite Defendants' representations.

5.    Plaintiffs and other consumers purchased the Product, reasonably relying on Defendants' deceptive representation about the Product, and believing that the Product contained a detectable amount of ginger.  Had Plaintiffs and other consumers known that the Product did not contain a detectable amount of ginger they would not have purchased the Product or would have paid significantly less for the Product. Therefore, Plaintiffs and consumers have suffered injury in fact as a result of Defendants' deceptive practices.

6.    Plaintiffs bring this class action lawsuit on behalf of themselves and all

2

**FIRST AMENDED CLASS ACTION COMPLAINT**

others similarly situated.   Plaintiffs seek to represent a California Subclass, a California Consumer Subclass, a Colorado Subclass, and a Nationwide Class (defined *infra* in paragraphs 33-36) (collectively referred to as "Classes").

7.      Plaintiffs, on behalf of themselves and other consumers, are seeking damages, restitution, declaratory and injunctive relief, and all other remedies the Court deems appropriate.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed Classes are in excess of $5,000,000, exclusive of interests and costs, and Plaintiffs, as well as most members of the proposed Classes, which total more than 100 class members, are citizens of states different from the state of Defendants.

9.      This Court has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts in California or otherwise intentionally did avail themselves of the markets within California, through their sale of the Product in California and to California consumers.

10.     Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(1) because Defendants regularly conduct business throughout this District, and a substantial part of the events and/or omissions giving rise to this action occurred in this District.

## PARTIES

11.     Plaintiff Arash Hashemi is a citizen of California, residing in Los Angeles County.  In or around January 2017, Mr. Hashemi purchased the Product at a Ralph's in Los Angeles, California.  Mr. Hashemi purchased the Product reasonably relying on the Defendants' representation on the Product that the Product was "Made from Real Ginger," and believing that the Product would contain at least a detectable amount of ginger.  Mr. Hashemi would not have purchased the Product or would have

**CLASS ACTION COMPLAINT**

1   paid significantly less for the Product had he known that the Product does not contain

2   a detectable amount of ginger.  Mr. Hashemi therefore suffered injury in fact and lost

3   money as a result of Defendants' misleading, false, unfair, and fraudulent practices,

4   as described herein.  After Mr. Hashemi learned that the Product is falsely advertised,

5   he ceased purchasing and consuming the Product, and retained counsel.  Mr. Hashemi

6   is likely to purchase the Product in the future if it was reformulated to include a

7   detectable amount of ginger.

8          12.    Plaintiff Natasha Safaradi is a citizen of California, residing in Los

9   Angeles County.  In or around December 2016, Ms. Safaradi purchased the Product

10  at a Ralph's in Los Angeles, California.   Ms. Safaradi purchased the Product,

11  reasonably relying on the Defendants' representation on the Product that the Product

12  was "Made from Real Ginger," and believing that the Product would contain at least

13  a detectable amount of ginger.  Ms. Safaradi would not have purchased the Product or

14  would have paid significantly less for the Product had she known that the Product did

15  not contain a detectable amount of ginger.  Ms. Safaradi therefore suffered injury in

16  fact and lost money as a result of Defendants' misleading, false, unfair, and

17  fraudulent practices, as described herein.  After Ms. Safaradi learned that the Product

18  is falsely advertised, she ceased purchasing and consuming the Product, and retained

19  counsel.   Ms. Safaradi is likely to purchase the Product in the future if it was

20  reformulated to include a detectable amount of ginger.

21         13.    Plaintiff Patrick Gilburt is a citizen of Colorado, residing in Denver,

22  Colorado.  In or around February 2016, Mr. Gilburt purchased the Product at King

23  Soopers in Denver, Colorado.  Mr. Gilburt purchased the Product, reasonably relying

24  on the Defendants' representation on the Product that the Product was "Made from

25  Real Ginger," and believing that the Product would contain at least a detectable

26  amount of ginger.  Mr. Gilburt would not have purchased the Product or would have

27  paid significantly less for the Product had he known that the Product did not contain a

28

**CLASS ACTION COMPLAINT**

detectable amount of ginger.  Mr. Gilburt therefore suffered injury in fact and lost money as a result of Defendants' misleading, false, unfair, and fraudulent practices, as described herein.  After Mr. Gilburt learned that the Product is falsely advertised, he ceased purchasing and consuming the Product, and retained counsel.  Mr. Gilburt is likely to purchase the Product in the future if it was reformulated to include a detectable amount of ginger.

14.   Defendant Dr Pepper Snapple Group, Inc. is a corporation incorporated in Delaware, with its principal place of business in Plano, Texas. Defendant Dr Pepper Snapple Group, Inc. directly and/or through its agents, formulates, manufactures, labels, packages, markets, distributes, and sells the Product nationwide, including in California. Defendant Pepper Snapple Group, Inc. has maintained substantial distribution and sales in this District.

15.   Defendant Dr Pepper/Seven Up, Inc. is a corporation incorporated in Delaware, with its principal place of business in Plano, Texas. Defendant Dr Pepper/Seven Up, Inc. is a wholly owned subsidiary of Defendant Dr Pepper Snapple Group, Inc.

## FACTUAL ALLEGATIONS

**I.   The False And Misleading Advertisement Of The Product**

16.   At all relevant times, Defendants directly and/or through their agents, formulated, manufactured, labeled, packaged, marketed, distributed, and sold the Product across California and the United States.  The Product is sold in store and/or online at various retailers including, but not limited to, Ralphs, Target, Amazon, Walgreens, CVS, and Walmart.

17.   At all relevant times, as depicted below, the Product contains the following conspicuous representation, or one substantially similar to it: "Made from

**CLASS ACTION COMPLAINT**

1  Real Ginger."[1]

 

17       18.     Furthermore, Defendants have employed a number of television

18  advertisements that reinforce Defendants' representation that the Product is "Made

19  from Real Ginger." In one commercial, a little girl is seen selling the Product at a

20  rural farm stand. When she runs out of the Product, she runs to the field and pulls out

21  more Product, which is attached to ginger plant roots:[2]

[1] http://www.canadadry.com/products/ginger-ale (last visited on March 14, 2017);
https://www.theeasymarket.com/canada-dry-ginger-ale-2-lt-plastic-bottle.html#.WMg5gG_yuUk
(last visited on March 14, 2017).
[2] https://vimeo.com/47196454 (last visited on March 14, 2017).

**CLASS ACTION COMPLAINT**



The commercial eventually cuts to the following image about the Product, with the voice-over then narrating that "For refreshingly real ginger taste, grab a Canada Dry Ginger Ale. Real Ginger. Real Taste."



7

**CLASS ACTION COMPLAINT**

19.     In another television commercial, people are seen on a ginger farm. One farmer is seen pulling on a ginger plant which is later shown to be attached to the Product by its root:[3]



20.     In another commercial, a young lady opens her fridge to grab the Product, only to find resistance. The commercial cuts to a farmer on a ginger farm struggling to pull out one of his ginger plants. The farmer eventually pulls out the plant, which is attached to the Product in the lady's fridge. The voiceover then narrates "Find your way to relaxation with the crisp soothing taste of real ginger and bubbles. Canada Dry, the root of relaxation:"[4]

---

[3] https://vimeo.com/38249296 (last visited on March 14, 2017).
[4] https://www.youtube.com/watch?v=nvQKChf_ooc (last visited on March 14, 2017).

**CLASS ACTION COMPLAINT**







9

**CLASS ACTION COMPLAINT**

## II.     The Product Do Not Contain A Detectable Amount Of Ginger

21.    Despite Defendants' representations that the Product is "Made from Real Ginger," and their advertisements reinforcing such representations, the Product does not contain a detectable level of ginger.

22.    In fact, independent testing by a laboratory determined that the Product does not contain a detectable amount of ginger.

23.    Defendants knew or should have known that the Product does not contain a detectable amount of ginger because Defendants and/or its agents formulate, test, and manufacture the Product.

24.    Defendants knew or should have known that Plaintiffs and other consumers, in purchasing the Product, would rely on Defendants' representations about the Product and would therefore reasonably believe that the Product contains at least a detectable amount of ginger.

25.    In reasonable reliance on Defendants' representations about the Product, and believing that the Product contains at least a detectable amount of ginger, Plaintiffs and other consumers purchased the Product.

26.    Plaintiffs and other consumers did not know, and had no reason to know, that the Product does not contain a detectable amount of ginger.

27.    Because the Product does not contain a detectable amount of ginger, as represented by Defendants, and reasonably expected by Plaintiffs and other consumers, Defendants' uniform practice regarding the marketing and sale of the Product was and continues to be misleading and deceptive.

28.    Each consumer has been exposed to the same or substantially similar deceptive practice, as at all relevant times (1) the Product uniformly represents that the Product is "Made from Real Ginger," and (2) the Product uniformly does not contain a detectable amount of ginger.

29.    Plaintiffs and other consumers have paid an unlawful premium for the

10

**CLASS ACTION COMPLAINT**

Product.  Plaintiffs and other consumers would have paid significantly less for the Product had they known that the Product do not contain a detectable amount of ginger.  In the alternative, Plaintiffs and other consumers would not have purchased the Product at all had they known that the Product does not contain a detectable amount of ginger.  Therefore, Plaintiffs and other consumers purchasing the Product suffered injury in fact and lost money as a result of Defendants' false, unfair, and fraudulent practices, as described herein.

30.   Ginger is a premium ingredient which sells at wholesale for approximately $1-2 per pound.[5]  In contrast, high fructose corn syrup, the primary sweetener used in the Product, sells at wholesale for a fraction of that price.[6]

31.   As a result of their misleading business practice, and the harm caused to Plaintiffs and other consumers, Defendants should be required to pay for all damages caused to consumers, including Plaintiffs.  Furthermore, Defendants should be enjoined from engaging in these deceptive practices.

32.   Despite being misled by Defendants, Plaintiffs would likely purchase the Product in the future if the Product was reformulated to include at least a detectable amount of ginger.

## CLASS ACTION ALLEGATIONS

33.   Plaintiffs bring this case as a class action that may be properly maintained under Federal Rule of Civil Procedure 23 on behalf of themselves and all persons in the United States, who within the relevant statute of limitations periods, purchased the Product ("Nationwide Class").

34.   Plaintiffs Arash Hashemi and Natasha Safaradi (collectively the

---

[5] https://www.marketnews.usda.gov/mnp/fv-report-top-filters?locName=&commAbr=GNGRT&commName=GINGER%20ROOT&className=VEGETABLES&rowDisplayMax=25&startIndex=1&navClass=VEGETABLES&navType=byComm&repType=termPriceDaily&type=termPrice (last visited on March 14, 2017).

[6] https://www.ers.usda.gov/webdocs/DataFiles/Sugar_and_Sweeteners_Yearbook_Tables__18015/TABLE09.XLS?v=42772 (last visited on March 14, 2017).

**CLASS ACTION COMPLAINT**

1  "California Plaintiffs") also seek to represent a subclass defined as all California

2  residents, who within the relevant statute of limitations periods, purchased the

3  Product ("California Subclass").

4      35.    California Plaintiffs also seek to represent a subclass defined as all

5  California residents, who within the relevant statute of limitations periods, purchased

6  the Product for personal, family, or household purposes ("California Consumer

7  Subclass").

8      36.    Plaintiff Patrick Gilburt also seeks to represent a subclass defined as all

9  Colorado residents, who within the relevant statute of limitations periods, purchased

10  the Product ("Colorado Subclass").

11      37.    Excluded from the Classes are Defendants, the officers and directors of

12  the Defendants at all relevant times, members of their immediate families and their

13  legal representatives, heirs, successors or assigns and any entity in which Defendants

14  has or had a controlling interest.  Any judge and/or magistrate judge to whom this

15  action is assigned and any members of such judges' staffs and immediate families are

16  also excluded from the Classes.  Also excluded from the Classes are persons or

17  entities that purchased the Product for sole purposes of resale.

18      38.    Plaintiffs hereby reserve the right to amend or modify the class

19  definitions with greater specificity or division after having had an opportunity to

20  conduct discovery.

21      39.    The California Plaintiffs are members of the Nationwide Class,

22  California Subclass, and California Consumer Subclass.

23      40.    Plaintiff Patrick Gilburt is a member of the Nationwide Class and the

24  Colorado Subclass.

25      41.    Numerosity: Defendants have sold millions of units of the Product.  The

26  Product is sold in store and/or online at various retailers including, but not limited to,

27  Ralphs, Target, Amazon, Walgreens, CVS, and Walmart.  Accordingly, members of

28

**CLASS ACTION COMPLAINT**

the Classes are so numerous that their individual joinder herein is impractical.  While the precise number of class members and their identities are unknown to Plaintiffs at this time, the number may be determined through discovery.

42.    <u>Common Questions Predominate</u>:  Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual class members.  Common legal and factual questions include, but are not limited to, the following:

a.    Whether or not the Product contains a detectable amount of ginger; and

b.    Whether consumers relied on the "Made from Real Ginger" representations in purchasing the Product.

43.    <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the Classes they seek to represent in that Plaintiffs and members of the Classes were all exposed to the same or substantially similar false and misleading representations, purchased the Product relying on the uniform false and misleading representations, and suffered losses as a result of such purchases.

44.    <u>Adequacy</u>:  Plaintiffs are adequate representatives of the Classes they seek to represent because their interests do not conflict with the interests of the members of the Classes, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of the members of the Classes will be fairly and adequately protected by Plaintiffs and their counsel.

45.    <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the members of the Classes.  The size of each claim is too small to pursue individually and each individual Class member will lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.

**CLASS ACTION COMPLAINT**

1  Individualized litigation increases the delay and expense to all parties and multiplies

2  the burden on the judicial system presented by the complex legal and factual issues of

3  this case.  Individualized litigation also presents a potential for inconsistent or

4  contradictory judgments.  The class action mechanism is designed to remedy harms

5  like this one that are too small in value, although not insignificant, to file individual

6  lawsuits for.

7      46.    This lawsuit is maintainable as a class action under Federal Rule of Civil

8  Procedure 23(b)(2) because Defendants have acted or refused to act on grounds that

9  are generally applicable to the Class members, thereby making final injunctive relief

10  appropriate with respect to all Classes.

11      47.    This lawsuit is maintainable as a class action under Federal Rule of Civil

12  Procedure 23(b)(3) because the questions of law and fact common to the members of

13  the Classes predominate over any questions that affect only individual members, and

14  because the class action mechanism is superior to other available methods for the fair

15  and efficient adjudication of the controversy.

16              **FIRST CLAIM FOR RELIEF**
17  **Violation of California's Consumers Legal Remedies Act ("CLRA"),**
    **California Civil Code §§ 1750, *et seq.***
18          ***(for the California Consumer Subclass)***
            ***(Injunctive relief only)***

19      48.    Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if

20  fully set forth herein.

21      49.    The California Plaintiffs bring this claim individually and on behalf of

22  the members of the proposed California Consumer Subclass against Defendants.

23      50.    The Product is a "good" pursuant to Cal. Civ. Code § 1761(a), and the

24  purchases of the Product by California Plaintiffs and members of the California

25  Consumer Subclass constitute "transactions" pursuant to Cal. Civ. Code § 1761(e).

26      51.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or

27  services have sponsorship, approval, characteristics, ingredients, uses, benefits, or

28

14

**CLASS ACTION COMPLAINT**

quantities which they do not have . . . ."  By representing that the Product is "Made from Real Ginger," Defendants have represented and continue to represent that the Product contains at least a detectable level of an ingredient (ginger), when it does not. Therefore, Defendants have violated section 1770(a)(5) of the CLRA.

52.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style of model, if they are another."   By representing that the Product is "Made from Real Ginger," Defendants have represented and continue to represent that the Product is of a particular quality (made from real ginger) when it does not have this particular quality. Therefore Defendants have violated section 1770(a)(7) of the CLRA.

53.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By representing that the Product is "Made from Real Ginger," and then intentionally not selling the Product to meet the expectations that it contains at least a detectable amount of ginger, Defendants have violated section 1770(a)(9) of the CLRA.

54.     At all relevant times, Defendants knew or reasonably should have known that the Product does not contain a detectable amount of ginger, and that California Plaintiffs and other members of the California Consumer Subclass would reasonably and justifiably rely on those representations about the Product in purchasing them.

55.     California Plaintiffs and other members of the California Consumer Subclass reasonably and justifiably relied on Defendants' misleading and fraudulent representations about the Product when purchasing them.  Moreover, based on the very materiality of Defendants' fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Product may be presumed or inferred for the California Plaintiffs and members of California Consumer Subclass.

56.     The California Plaintiffs and members of the California Consumer

15

**CLASS ACTION COMPLAINT**

1   Subclass suffered injuries caused by Defendants because they would not have

2   purchased the Product or would have paid significantly less for the Product, had they

3   known that Defendants' conduct was misleading and fraudulent.

4       57.     Under Cal. Civ. Code § 1780(a), the California Plaintiffs and members

5   of the California Consumer Subclass seek damages, restitution, declaratory and

6   injunctive relief, and all other remedies the court deems appropriate for Defendants'

7   violations of the CLRA.

8       58.     Pursuant to Cal. Civ. Code § 1782, on February 28, 2017, counsel for

9   Plaintiffs mailed a notice and demand letter by certified mail, with return receipt

10  requested, to Defendants.[7]   Defendants received the notice and demand letter on

11  March 6, 2017.  If Defendants fail to remedy the alleged violations and fail to provide

12  notice to all affected consumers within thirty (30) days of receipt of Plaintiffs' written

13  notice, Plaintiffs will amend this Class Action Complaint to add claims for damages

14  under the CLRA.

15                    **SECOND CLAIM FOR RELIEF**
      **Violation of California's Unfair Competition Law ("UCL"),**
16    **California Business & Professions Code §§ 17200, *et seq.***
      (*for the California Subclass and California Consumer Subclass*)
17

18      59.     Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if

19  fully set forth herein.

20      60.     The California Plaintiffs bring this claim individually and on behalf of

21  the members of the proposed California Subclass and California Consumer Subclass

22  against Defendants.

23      61.     UCL §17200 provides, in pertinent part, that "unfair competition shall

24  mean and include unlawful, unfair or fraudulent business practices and unfair,

25  deceptive, untrue or misleading advertising . . . ."

26      62.     Under the UCL, a business act or practice is "unlawful" if it violates any

27

28  [7] *See* Exhibit "A."

**CLASS ACTION COMPLAINT**

1    established state or federal law.

2        63.    Defendants' false and misleading advertising of the Product therefore

3    was and continues to be "unlawful" because it violates the CLRA, California's False

4    Advertising Law ("FAL"), and other applicable laws as described herein.

5        64.    As a result of Defendants' unlawful business acts and practices,

6    Defendants have unlawfully obtained money from the California Plaintiffs, and

7    members of both the California Subclass and California Consumer Subclass.

8        65.    Under the UCL, a business act or practice is "unfair" if the defendants'

9    conduct is substantially injurious to consumers, offends public policy, and is

10   immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such

11   acts or practices are outweighed by the gravity of the harm to the alleged victims.

12       66.    Defendants' conduct was and continues to be of no benefit to purchasers

13   of the Product, as it is misleading, unfair, unlawful, and is injurious to consumers

14   who rely on the representations about the Product but do not get what they were

15   expecting.  Deceiving consumer about the composition of the Product is of no benefit

16   to the consumers, especially when they are paying a premium for the Product.

17   Therefore, Defendants' conduct was and continues to be "unfair."

18       67.    As a result of Defendants' unfair business acts and practices, Defendants

19   have and continue to unfairly obtain money from the California Plaintiffs, and

20   members of both the California Subclass and California Consumer Subclass.

21       68.    Under the UCL, a business act or practice is "fraudulent" if it actually

22   deceives or is likely to deceive members of the consuming public.

23       69.    Defendants' conduct here was and continues to be fraudulent because it

24   has and will continue to deceive consumers into believing that the Product contains a

25   detectable amount of ginger, when it does not.  Because Defendants misled and will

26   likely continue to mislead the California Plaintiffs and members of both the

27   California Subclass and California Consumer Subclass, Defendants' conduct is

28

17

**CLASS ACTION COMPLAINT**

1  "fraudulent."

2       70.    As a result of Defendants' fraudulent business acts and practices,

3  Defendants have and continue to fraudulently obtain money from the California

4  Plaintiffs, and members of both the California Subclass and California Consumer

5  Subclass.

6       71.    The California Plaintiffs requests that this Court cause Defendants to

7  restore this unlawfully, unfairly, and fraudulently obtained money to the California

8  Plaintiffs, and members of both the California Subclass and California Consumer

9  Subclass, to disgorge the profits Defendants made on these transactions, and to enjoin

10  Defendants from violating the UCL or violating it in the same fashion in the future as

11  discussed herein.   Otherwise, the California Plaintiffs and members of both the

12  California Subclass and California Consumer Subclass may be irreparably harmed

13  and/or denied an effective and complete remedy if such an order is not granted.

14                    **THIRD CLAIM FOR RELIEF**
15          **Violation of California's False Advertising Law ("FAL"),**
            **California Business & Professions Code §§ 17500, *et seq***
16          ***(for the California Subclass and California Consumer Subclass)***

17       72.    Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if

18  fully set forth herein.

19       73.    The California Plaintiffs bring this claim individually and on behalf of

20  the members of the proposed California Subclass and California Consumer Subclass

21  against Defendants.

22       74.    California's FAL makes it "unlawful for any person to make or

23  disseminate or cause to be made or disseminated before the public . . . in any

24  advertising device . . . or in any other manner or means whatever, including over the

25  Internet, any statement, concerning . . . personal property or services professional or

26  otherwise, or performance or disposition thereof, which is untrue or misleading and

27  which is known, or which by the exercise of reasonable care should be known, to be

28

untrue or misleading."

75.    Defendants have represented and continue to represent to the public, including the California Plaintiffs and members of both the California Subclass and California Consumer Subclass, that the Product is "Made from Real Ginger". Defendants' representations are false and misleading because the Product does not contain a detectable amount of ginger.  Because Defendants have disseminated false and misleading information regarding their Product, and Defendants knew, or should have known through the exercise of reasonable care, that the information was and continues to be false and misleading, Defendants have violated the FAL and continue to do so.

76.    As a result of Defendants' false advertising, Defendants have and continue to fraudulently obtain money from California Plaintiffs and members of both the California Subclass and California Consumer Subclass.

77.    The California Plaintiffs requests that this Court cause Defendants to restore this fraudulently obtained money to the California Plaintiffs and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendants made on these transactions, and to enjoin Defendants from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, the California Plaintiffs and members of both the California Subclass and California Consumer Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty,**
**California Commercial Code § 2313**
**(*for the California Subclass and California Consumer Subclass*)**

78.    Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if fully set forth herein.

79.    The California Plaintiffs bring this claim individually and on behalf of

**CLASS ACTION COMPLAINT**

the members of the proposed California Subclass and California Consumer Subclass against Defendants.

80.     California Commercial Code § 2313 provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

81.     Defendants have expressly warranted that the Product is "Made from Real Ginger." This representation about the Product: (1) is an affirmation of fact or promise made by Defendants, to consumers, that the Product contain at least a detectable amount of ginger, (2) became part of the basis of the bargain to purchase the Product; and (3) created an express warranty that the Product would conform to the affirmation of fact or promise. In the alternative, the representation is a description of a good, which was made as part of the basis of the bargain to purchase the Product, and which created an express warranty that the Product would conform to the Product description.

82.     The California Plaintiffs and members of both the California Subclass and California Consumer Subclass reasonably and justifiably relied on the foregoing express warranty, believing that the Product did in fact conform to the warranty.

83.     Defendants have breached the express warranty made to the California Plaintiffs and members of both the California Subclass and California Consumer Subclass by failing to formulate, manufacture, and sell the Product to satisfy that express warranty.

84.     California Plaintiffs and members of both the California Subclass and California Consumer Subclass paid a premium price for the Product but did not obtain the full value of the Product as represented. If Plaintiffs and members of both

**CLASS ACTION COMPLAINT**

the California Subclass and California Consumer Subclass had known of the true nature of the Product, they would not have purchased the Product or would not have been willing to pay the premium price associated with the Product.

85.   As a result, the California Plaintiffs and members of both the California Subclass and California Consumer Subclass suffered injury and deserve to recover all damages afforded under the law.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability,**
**California Commercial Code § 2314**
***(for the California Subclass and California Consumer Subclass)***

86.   Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if fully set forth herein.

87.   Plaintiffs bring this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendants.

88.   California Commercial Code § 2314(1) provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

89.   Furthermore, California Commercial Code § 2314(2) provides that "[g]oods to be merchantable must… (f)[c]onform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

90.   Defendants are merchants with respect to the sale of carbonated beverages, including the Product. Therefore, a warranty of merchantability is implied in every contract for sale of the Product to California consumers.

91.   In representing on the Product that the Product is "Made from Real Ginger," Defendants have provided a promise or affirmation of fact to California consumers.

92.   However, the Product does not conform to the promises or affirmations

21
**CLASS ACTION COMPLAINT**

1   of fact, as the Product does not contain a detectable amount of ginger.

2   93.   Therefore, Defendants have breached their implied warranty of
3   merchantability in regard to the Product.

4   94.   If the California Plaintiffs and members of both the California Subclass
5   and California Consumer Subclass had known that the Product does not conform to
6   Defendants' promises or affirmations of fact, they would not have purchased the
7   Product or would not have been willing to pay the premium price associated with
8   Product.   Therefore, as a direct and/or indirect result of Defendants' breach, the
9   California Plaintiffs and members of both the California Subclass and California
10  Consumer Subclass have suffered injury and deserve to recover all damages afforded
11  under the law.

**SIXTH CLAIM FOR RELIEF**<br>**Violation of Colorado Consumer Protection Act,**<br>**Colo. Rev. Stat. §§ 6-1-105**<br>***(for the Colorado Class)***

12

13

14

15  95.   Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if
16  fully set forth herein.

17  96.   Plaintiff Patrick Gilburt brings this claim individually and on behalf of
18  the members of the Colorado Subclass against Defendants.

19  97.   Colo. Rev. Stat. § 6-1-105(e) states that a defendant engages in
20  deceptive trade practices when it  "[k]nowingly makes a false representation as to
21  the characteristics, ingredients, uses, benefits, alterations, or quantities of goods,
22  food, services, or property . . . ."  By representing that the Product is "Made from Real
23  Ginger," Defendants have made and continue to make false representations as to the
24  Product's ingredients (ginger) because the Product does not contain a detectable
25  amount of ginger.  Therefore, Defendants have violated § 6-1-105(e).

26  98.   Colo. Rev. Stat. § 6-1-105(g) states that a defendant engages in
27  deceptive trade practices when it "[r]epresents that goods, food, services, or property

28

**CLASS ACTION COMPLAINT**

are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another."  By representing that the Product is "Made from Real Ginger," Defendants have represented and continue to represent that the Product is of a particular quality (made from real ginger) when Defendants know or should have known that it does not have this particular quality. Therefore Defendants have violated § 6-1-105(g).

99.   Colo. Rev. Stat. § 6-1-105(i) states that a defendant engages in deceptive trade practices when it "[a]dvertises goods, services, or property with intent not to sell them as advertised."  By representing that the Product is "Made from Real Ginger," and then intentionally not selling the Product to meet the expectations that it contains at least a detectable amount of ginger, Defendants have violated § 6-1-105(i).

100.   At all relevant times, Defendants knew or reasonably should have known that the Product does not contain a detectable amount of ginger, and that Plaintiff Patrick Gilburt and other members of the Colorado Subclass would reasonably and justifiably rely on those representations about the Product in purchasing them.

101.   Plaintiff Patrick Gilburt and other members of the Colorado Subclass reasonably and justifiably relied on Defendants' misleading and fraudulent representations about the Product when purchasing them.  Moreover, based on the very materiality of Defendants' fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Product may be presumed or inferred for Plaintiff Patrick Gilburt and members of the Colorado Subclass.

102.   Plaintiff Patrick Gilburt and members of the Colorado Subclass suffered injuries caused by Defendants because they would not have purchased the Product or would have paid significantly less for the Product, had they known that Defendants' conduct was misleading and fraudulent.

103.   Pursuant to Colo. Rev. Stat. § 6-1-113, the Plaintiff Patrick Gilburt and

**CLASS ACTION COMPLAINT**

members of the Colorado Subclass seek damages, restitution, declaratory and injunctive relief, and all other remedies the court deems appropriate for Defendants' violations.

### SEVENTH CLAIM FOR RELIEF
#### Breach of Express Warranty,
#### Colo. Rev. Stat. § 4-2-313
*(for the Classes)*

104.   Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if fully set forth herein.

105.   Plaintiff Patrick Gilburt brings this claim individually and on behalf of the members of the Colorado Subclass against Defendants.

106.   Colo. Rev. Stat. § 4-2-313(1) provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Colo. Rev. Stat. § 4-2-313(1).

107.   Defendants have expressly warranted that the Product is "Made from Real Ginger." This representation about the Product: (1) is an affirmation of fact or promise made by Defendants, to consumers, that the Product contain at least a detectable amount of ginger, (2) became part of the basis of the bargain to purchase the Product; and (3) create an express warranty that the Product will conform to the affirmation of fact or promise. In the alternative, the representation is a description of a good, which was made as part of the basis of the bargain to purchase the Product, and which created an express warranty that the Product would conform to the Product description.

108.   Plaintiff Patrick Gilburt and members of the Colorado Subclass reasonably and justifiably relied on the foregoing express warranty, believing that

1    that the Product did in fact conform to the warranty.

2       109.   Defendants have breached the express warranty made to Plaintiff Patrick

3 Gilburt and members of the Colorado Subclass by failing to formulate, manufacture,

4 and sell the Product to satisfy that express warranty.

5       110.   Plaintiff Patrick Gilburt and members of the Colorado Subclass paid a

6 premium price for the Product but did not obtain the full value of the Product as

7 represented.  If they had known of the true nature of the Product, they would not have

8 purchased the Product or would not have been willing to pay the premium price

9 associated with the Product.

10      111.   As a result, Plaintiff Patrick Gilburt and members of the Colorado

11 Subclass have suffered injury and deserve to recover all damages afforded under the

12 law.

13
**EIGHTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability,**
14
**Colo. Rev. Stat. § 4-2-314**
15
(*for the Classes*)

16      112.   Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if

17 fully set forth herein.

18      113.   Plaintiff Patrick Gilburt brings this claim individually and on behalf of

19 the members of the Colorado Subclass against Defendants.

20      114.   Colo. Rev. Stat. § 4-2-314(1) provides that "a warranty that the goods

21 shall be merchantable is implied in a contract for their sale if the seller is a merchant

22 with respect to goods of that kind."  Colo. Rev. Stat. § 4-2-314(1).

23      115.   Furthermore, Colo. Rev. Stat. § 4-2-314(2) provides that "[g]oods to be

24 merchantable must… (f)[c]onform to the promises or affirmations of fact made on the

25 container or label if any."  Colo. Rev. Stat. § 4-2-314(2).

26      116.  Defendants are merchants with respect to the sale of carbonated

27 beverages, including the Product.  Therefore, a warranty of merchantability is implied

28

**CLASS ACTION COMPLAINT**

in every contract for sale of the Product to Colorado consumers.

117.   In representing on the Product that the Product is "Made from Real Ginger," Defendants have provided a promise or affirmation of fact to Colorado consumers.

118.   However, the Product does not conform to the promises or affirmations of fact, as the Product does not contain a detectable amount of ginger.

119.   Therefore, Defendants have breached their implied warranty of merchantability in regard to the Product.

120.   If Plaintiff Patrick Gilburt and members of the Colorado Subclass had known that the Product does not conform to Defendants' promises or affirmations of fact, they would not have purchased the Product or would not have been willing to pay the premium price associated with Product.  Therefore, as a direct and/or indirect result of Defendants' breach, Plaintiff Patrick Gilburt and members of the Colorado Subclass have suffered injury and deserve to recover all damages afforded under the law.

### NINTH CLAIM FOR RELIEF
### Common Law Fraud
### (*for the Classes*)

121.   Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if fully set forth herein.

122.   Plaintiffs bring this claim individually and on behalf of the members of the Classes against Defendants.

123.   Defendants have willfully, falsely, and knowingly formulated the Product without any detectable amount of ginger.  Despite this, Defendants continue to intentionally represent that the Product is "Made from Real Ginger."  Therefore, Defendants have made, and continue to make, a misrepresentations as to the Product.

124.   Defendants' misrepresentations are material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would

1    be induced to act thereon in making purchase decisions), because they relate to the

2    composition of the Product.

3       125.   Defendants knew or recklessly disregarded the fact that the Product does

4    not contain a detectable amount of ginger.

5       126.   Defendants intend that consumers rely on these representations, as the

6    representations are made prominently on the Product, and are reinforced throughout

7    Defendants' television advertisement campaign.

8       127.   Plaintiffs and members of the Classes have reasonably and justifiably

9    relied on Defendants' misrepresentations when purchasing the Product and had the

10    correct facts been known, would not have purchased the Product or would not have

11    purchased it at the prices at which it was offered.

12       128.   Therefore, as a direct and proximate result of Defendants' fraud,

13    Plaintiffs and members of the Classes have suffered economic losses and other

14    general and specific damages, including but not limited to the amounts paid for the

15    Product, and any interest that would have accrued on those monies, all in an amount

16    to be proven at trial.

### TENTH CLAIM FOR RELIEF
### Intentional Misrepresentation
#### (*for the Classes*)

20       129.   Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if

21    fully set forth herein.

22       130.   Plaintiffs bring this claim individually and on behalf of the members of

23    the Classes against Defendants.

24       131.   Defendants have marketed the Product in a manner indicating that the

25    Product contains at least a detectable level of ginger.  However, the Product does not

26    contain a detectable level of ginger.   Therefore Defendants have made

27    misrepresentations as to the Product.

**CLASS ACTION COMPLAINT**

132.   Defendants' representations regarding the Product are material to a reasonable consumer because they relate to the composition of the Product purchased by the consumer.   A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

133.   At all relevant times when such representations were made, Defendants knew that the representation were false and misleading, or has acted recklessly in making the representations and without regard to the truth.

134.   Defendants intend that Plaintiffs and other consumers rely on the representations made about the Product, as the representations are made prominently on the Product, and are reinforced throughout Defendants' television advertisement campaign.

135.   Plaintiffs and members of the Classes have reasonably and justifiably relied on Defendants' intentional misrepresentation when purchasing the Product, and had the correct facts been known, would not have purchased the Product or would not have purchased it at the prices at which it was offered.

136.   Therefore, as a direct and proximate result of Defendants' intentional misrepresentation, Plaintiffs and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Product, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## ELEVENTH CLAIM FOR RELIEF
### Negligent Misrepresentation
(*for the Classes*)

137.   Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if fully set forth herein.

138.   Plaintiffs bring this claim individually and on behalf of the members of the Classes against Defendants.

**CLASS ACTION COMPLAINT**

139.   Defendants have marketed the Product in a manner indicating that the Product contains at least a detectable amount of ginger.  However, the Product does not contain a detectable amount of ginger.   Therefore Defendants have made misrepresentations as to the Product.

140.   Defendants' representations regarding the Product are material to a reasonable consumer because they relate to the composition of the Product purchased by consumers.   A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

141.   At all relevant times when such misrepresentations were made, Defendants knew or has been negligent in not knowing that the representations were false and misleading. Defendants had no reasonable grounds for believing their representations were not false and misleading.

142.   Defendants intend that Plaintiffs and others consumers rely on the representations made about the Product, as the representations are made prominently on the Product, and are reinforced throughout Defendants' television advertisement campaign.

143.   Plaintiffs and members of the Classes have reasonably and justifiably relied on Defendants' negligent misrepresentation when purchasing the Product, and had the correct facts been known, would not have purchased the Product or would not have purchased it at the prices at which it was offered.

144.   Therefore, as a direct and proximate result of Defendants' negligent misrepresentation, Plaintiffs and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Product, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

**CLASS ACTION COMPLAINT**

1
2

## TWELFTH CLAIM FOR RELIEF
### Breach of Contract
### (*for the Classes*)

3       145.   Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if
4   fully set forth herein.

5       146.   Plaintiffs bring this claim individually and on behalf of the members of
6   the Classes against Defendants.

7       147.   In purchasing the Product, Plaintiffs and members of the Classes have
8   formed valid contracts that are supported by sufficient consideration, pursuant to
9   which Defendants are obligated to provide a Product that is "Made from Real
10  Ginger."

11      148.   Defendants materially breached their contracts with Plaintiffs and
12  members of the Classes by selling the Product that does not contain a detectable
13  amount of ginger.

14      149.   As a direct and proximate result of Defendants' breaches, Plaintiffs and
15  members of the Classes were damaged in that they received the Product with less
16  value than the amounts paid.  Moreover, Plaintiffs and members of the Classes have
17  suffered economic losses and other general and specific damages, including but not
18  limited to the amounts paid for the Product, and any interest that would have accrued
19  on those monies, all in an amount to be proven at trial.

20
21      ## THIRTEENTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
22      ### (*for the Classes*)

23      150.   Plaintiffs repeat the allegations contained in paragraphs 1-47 above as if
24  fully set forth herein.

25      151.   Plaintiffs bring this claim individually and on behalf of the members of
26  the Classes against Defendants.

27      152.   As alleged herein, Defendants intentionally and recklessly made a
28

misleading representation about the Product to Plaintiffs and members of the Classes to induce them to purchase the Product. Plaintiffs and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendants. Plaintiffs and members of the Classes therefore have been induced by Defendants' misleading and false representations about the Product, and paid for them when they would and/or should not have, or paid more money to Defendants for the Product than they otherwise would and/or should have paid.

153. Plaintiffs and members of the Classes have conferred a benefit upon Defendants as Defendants has retained monies paid to them by Plaintiffs and members of the Classes.

154. The monies received were obtained under circumstances that were at the expense of Plaintiffs and members of the Classes – i.e., Plaintiffs and members of the Classes did not receive the full value of the benefit conferred upon Defendants.

155. Therefore, it is inequitable and unjust for Defendants to retain the profit, benefit, or compensation conferred upon it without paying Plaintiffs and the members of the Classes back for the difference of the full value of the benefit compared to the value actually received.

156. As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendants from their deceptive, misleading, and unlawful conduct as alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

**CLASS ACTION COMPLAINT**

a)   For an order certifying the Nationwide Class, the California Subclass, the California Consumer Subclass, and the Colorado Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiffs as representatives of all Classes; and naming Plaintiffs' attorneys as Class Counsel to represent all Classes.

b)   For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

c)   For an order finding in favor of Plaintiffs, and all Classes, on all counts asserted herein;

d)   For an order awarding all damages, not including those under the California Consumers Legal Remedies Act, on behalf of the California Consumer Subclass, in amounts to be determined by the Court and/or jury;

e)   For prejudgment interest on all amounts awarded;

f)   For interest on the amount of any and all economic losses, at the prevailing legal rate;

g)   For an order of restitution and all other forms of equitable monetary relief;

h)   For injunctive relief as pleaded or as the Court may deem proper;

i)   For an order awarding Plaintiffs and all Classes their reasonable attorneys' fees, expenses and costs of suit, including as provided by statute such as under California Code of Civil Procedure section 1021.5; and

j)   For any other such relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: March 14, 2017                    **FARUQI & FARUQI, LLP**

By: */s/ Barbara A. Rohr*
Barbara A. Rohr, Bar No. 273353

32

**CLASS ACTION COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Benjamin Heikali, Bar No. 307466
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90024
Telephone: 424.256.2884
Fax: 424.256.2885
E-mail: brohr@faruqilaw.com
        bheikali@faruqilaw.com

*Attorneys for Plaintiffs Arash Hashemi,
Natasha Safaradi, and Patrick Gilburt*

**CLASS ACTION COMPLAINT**

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Arash Hashemi, declare as follows:

1.     I am a Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.     This Class Action Complaint is filed in the proper place for trial because I purchased Canada Dry Ginger in the Central District of California ("District"), and Defendant conducts a substantial amount of business in this District.

3.     In 2017, I purchased the Canada Dry Ginger Ale from a store located in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on February  21, 2017 at Los Angeles, California.

*Arash Hashemi*

Arash Hashemi

## CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, Natasha Safaradi, declare as follows:

1.      I am a Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place for trial because I purchased Canada Dry Ginger in the Central District of California ("District"), and Defendant conducts a substantial amount of business in this District.

3.      In 2016, I purchased the Canada Dry Ginger Ale from a store located in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on March 14, 2017 at Los Angeles, California.

_____
Natasha Safaradi

## **Consumer Venue Declaration**

I, Patrick Gilburt, declare as follows:

1.      I am a Plaintiff in this action and a citizen of the State of Colorado. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place for trial because I purchased one of the Products in the District of Colorado, and Defendant conducts a substantial amount of business in this District.

3.      In recent years I have purchased Canada Dry Ginger Ale from Kroger stores located in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on February 13, 2017 at Denver, Colorado.

Patrick Gilburt